# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**MEMO ENDORSED**

**Andrew J. Ligotti**                    Direct Dial: **212-210-1286**                    Email: andy.ligotti@alston.com

<div style="border: 1px solid red">

**Application granted. This Court will conduct a teleconference concerning the parties' discovery dispute on April 10, 2020 at 11:00 a.m. The dial-in number for the teleconference is (888)363-4749. The access code is 3070580.**

</div>

April 1, 2020

VIA ECF[1]

Honorable William H. Pauley III        Dated: April 7, 2020
Daniel Patrick Moynihan                        New York, New York
United States Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

SO ORDERED:

*[signature]*

WILLIAM H. PAULEY III
U.S.D.J.

Re:     *Easy Spirit, LLC v. Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II*,
         **No. 1:19-cv-03299 (WHP)**

Dear Judge Pauley:

        Pursuant to Your Honor's Individual Rule III(A)(iv.) and Local Rule 37.2, the parties respectfully submit this joint letter. Defendants Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II (collectively, "Skechers") submit this request to compel discovery from Plaintiff Easy Spirit LLC ("Easy Spirit"). Skechers seeks: (1) documents produced by Easy Spirit in *Skechers U.S.A. Inc. et al v. Easy Spirit, LLC et al*, Case No. 2:19-cv-02141-CAS-JEM (C.D. Cal.) ("the California Action") that are relevant to the claims and defenses in the present action, and any similar withheld documents, which Easy Spirit refuses to produce on relevancy grounds. Skechers also seeks: (2) to depose Easy Spirit witnesses Mark DeZao and Marc Fisher, limited to three hours each. Easy Spirit contends that Skechers' request for discovery should be denied because (i) the documents and depositions sought are irrelevant to Easy Spirit's trademark and trade dress claims in this action and therefore beyond the scope of reasonable discovery; (ii) the documents do not establish an unclean hands defense as a matter of law; and (iii) the application for the additional document production and depositions of Mr. Fisher and Mr. DeZao is untimely.

        The parties met and conferred telephonically on this issue on March 18, 2020 (4:30-5:00 pm between R. Lee, A. Ligotti, and E. Welch (Skechers) and D. Saunders and J. Kasner (Easy Spirit)), and exchanged letters and e-mails putting forth their respective positions. The parties conducted another telephonic meet-and-confer on March 31, 2020 (11-11:30 am between the same counsel). The parties have nonetheless been unable to resolve the dispute without seeking the

---

[1] The Parties note the Court's Emergency Individual Rules and Practices in Light of COVID-19, Rule 2(C), prohibiting hand deliveries to Chambers without prior permission to the Court. Therefore, the Parties will refrain from sending courtesy copies to Chambers until the Court instructs them to do so.

Alston & Bird LLP                                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Court's intervention. The parties therefore believe they have fully complied with the "meet and confer" rule (Fed. R. Civ. P. 37(a)(2)(A)).

**Defendants' Section**
**Production of Requested Documents by Easy Spirit**

Skechers seeks documents related to Easy Spirit's practice of sending Skechers' shoes to China to copy them. Such documents are relevant to the parties' claims and defenses, and Skechers' instant request is narrowly tailored, targeted, and limited in scope. Specifically, the documents are evidence of common business practices in the industry, as well as potentially relevant to Skechers' Eighth Affirmative Defense of unclean hands. D.I. 16, 8. Easy Spirit has already produced other documents in this case that relate to the Skechers GO Walk shoe at issue in the California Action. *See, e.g.,* SK Ex. A (ESNY_004781). Moreover, Easy Spirit produced many documents in the California Action that demonstrate this practice, including instruction from Marc Fisher, the Chairman of Easy Spirit, LLC, to do so. *See* SK Ex. B (ESCA_019919) ("T[h]ere is a sketchers [sic] go walk shoe adam bought…we should send the pair to china for spina and rogerio it feels perfect."); *see also* SK Ex. C (Mar. 2 Ltr from E. Welch) (detailing the full list of documents produced in the California Action which are requested (hereinafter referred to as the "California Produced Documents")). The remainder of the email chain indicates that employees such as Mark DeZao carried out Mr. Fisher's instructions in full, including analyzing and comparing the Skechers' shoe, its composition, and its build in detail after it reached the China factory. Skechers has requested that Easy Spirit search for and produce documents relating to this practice, or, at a minimum, because there is no burden in doing so, Easy Spirit should produce the California Produced Documents in the present case. These California Produced Documents, and others like them in Easy Spirit's possession, are relevant to the issues in the present action and responsive to Skechers' document requests. *See* SK Ex. D (Skechers' First RFPs), Request No. 49.

Easy Spirit's supposed basis for withholding these documents is that they are not relevant because they do not specifically relate to the shoes at issue in this case. However, Rule 26(b)(1) allows a broad scope of permissible discovery. "It is well-established within this Circuit that the rule of discovery will be satisfied if there is 'any possibility' that the information sought to be obtained may be relevant to the subject matter of the action." *MacCartney v. O'Dell*, No. 14-cv-3925 (NSR), 2018 WL 5023947, at *2 (S.D.N.Y. Oct. 16, 2018) (*quoting Daval Steel Prods., v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991)); *see also Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) (noting that discovery under Rule 26(b) is "very broad"). These documents evidence a common business practice that is at issue in this case because of Easy Spirit's allegations in its complaint. The documents are therefore relevant. *See In re Air Crash near Clarence Ctr.*, No. 09–md–2085, 2013 WL 6073635, at *1 (W.D.N.Y. Nov. 18, 2013) ("[p]arties may obtain discovery regarding *any* nonprivileged matter that is relevant to *any* party's claim or defense") (citations omitted) (emphasis added); *see also Blackrock Allocation Target Shares: Series S Portfolio v. Bank of N.Y. Mellon*, 2018 WL 2215510, at *12 (S.D.N.Y. May 14, 2018)("[R]elevance, for purposes of discovery, is a broad concept that does not limit discovery to only those documents that can establish plaintiffs' ultimate burden of proof.") (internal citations omitted).

In addition to relevancy-based objections, Easy Spirit claims that the documents cannot relate to Skechers' unclean hands defense.  Easy Spirit misses the point. Easy Spirit's argument is akin to the arguments raised by Merrill Lynch in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v.*

*Callahan*. *See* 265 F. Supp. 2d 440, 444 (D. Vt. 2003). In that case, Merrill Lynch alleged improper solicitation of former clients by the Defendants, who testified that solicitation of former clients by memory was a "standard practice both at Merrill Lynch and throughout the financial services industry." *Id.* at 443. Merrill Lynch argued that the doctrine of unclean hands was "inapplicable because its practice regarding solicitation is not directly related to its specific claim against [Defendants]." *Id.* at 445. The Court disagreed, noting that it "has broad discretion in refusing to aid the unclean litigation" and found that because "Merrill Lynch has admitted to engaging regularly in the same kind of behavior it seeks to enjoin, the Court will not use its equitable powers to enjoin such behavior." *Id.* Easy Spirit's withholding of the California Produced Documents goes further, attempting to preclude even discovery into a relevant industry practice. *See Stokely-Van Camp, Inc. v. Coca-Cola Co.*, 646 F. Supp. 2d 510, 533 (S.D.N.Y. 2009) ("Courts in this Circuit and elsewhere have routinely found that a plaintiff's misconduct relates to the subject matter of its claims where, as here, the plaintiff has engaged in the same kind of behavior that it challenges.")..

**Depositions of Easy Spirit Witnesses**

Skechers seeks the deposition of Easy Spirit witnesses Marc Fisher and Mark DeZao. In light of the current COVID-19 health crisis, Skechers is amenable to conducting the requested depositions by video, as well as accommodating adjustments to the schedule to facilitate them. Easy Spirit, however, has declined to make these relevant witnesses available at all.

Although Skechers has already deposed Mr. DeZao once, his deposition occurred before Skechers was aware of the above-mentioned copying efforts by Easy Spirit. Skechers was therefore unable to fully question Mr. DeZao about Easy Spirit's scheme and his involvement in fulfilling Marc Fisher's instruction to send a Skechers shoe to China to copy. Mr. DeZao possesses relevant information regarding Easy Spirit's business practice of relying on competitors' shoes in the design of its products, a key aspect of Skechers' unclean hands defense.

So too does Marc Fisher. Mr. Fisher directed Easy Spirit's effort to copy Skechers' shoes and instructed that the shoes be sent to the factory in China. Mr. Fisher's understanding of this Easy Spirit practice (how often it occurs, with which shoes it has occurred, when it began, etc.) is relevant to Easy Spirit's claims and Skechers' defenses in this action. As explained above, these facts corroborate Skechers' position that its actions in designing the Commute Time shoe constitute a regular business practice in the industry as opposed to an improper intent to infringe, as Easy Spirit alleges. As the individual within Easy Spirit who instructed others to inspect the Skechers' shoe, only Mr. Fisher can provide testimony as to the intentions underlying his request, as well as his understanding as to how his request comported with practices in the industry. Mr. Fisher therefore possesses unique, first-hand knowledge regarding this issue. Mr. Fisher's testimony also will bear on Skechers' affirmative defense that Easy Spirit's allegations of copying are barred by the doctrine of unclean hands.

<u>**Plaintiff's Section**</u>

On March 13, 2020, two days after the Court granted Easy Spirit's motion to compel a deposition of Skechers' CEO Robert Greenberg and produce related documents (Doc. No. 34), Skechers first requested that Easy Spirit's CEO Marc Fisher be deposed in this action.  Unlike Mr. Greenberg, who was personally involved in selecting and adopting the infringing trademark alleged in the Complaint, Mr. Fisher had no involvement in the design, development, marketing,

or sale of any of the Easy Spirit TRAVELTIME shoes involved herein. Notably, Skechers does not claim that he did. Instead, based solely on documents produced in an unrelated civil action pending in the Central District of California, which concerns entirely different products, witnesses and claims (the "California Documents"), Skechers contends that it is now entitled to the production of numerous documents and two depositions because: (i) Skechers' activities in copying the Easy Spirit TRAVELTIME shoes are supposedly "common business practices in the industry" (Paragraph 2, above); and (ii) Easy Spirit's "allegations of copying" are allegedly barred by the doctrine of unclean hands. *Id.* The Court should deny Skechers' application because (i) the California Documents are irrelevant to Easy Spirit's trademark and trade dress claims in this action and (ii) the documents do not establish an unclean hands defense under Second Circuit law.

### i.    Relevance

The documents that Skechers now seeks from Easy Spirit have no relevance to any claims or defenses in this action, and therefore Easy Spirit should not be ordered to produce them. The California Documents concern the design of a single shoe that is not a TRAVELTIME shoe, nor is it related in any way to the Skechers COMMUTE TIME shoes. Skechers nonetheless seeks their production and depositions based on the "broad scope of permissible discovery" (page 2, above). But, Rule 26 has its limitations. Common sense dictates that under Rule 26, there must be reasonable bounds to discovery, otherwise it could easily be abused under the guise of "some possibility" of relevance. Of course, there are boundaries. Discovery, under Rule 26, must have some reasonable relationship to the subject matter of the dispute. *See,* 8 Charles Alan Wright & Arthur R. Miller**,** Fed. Prac. & Proc. Civ. § 2008 (3d ed. 2019) ("Certainly the requirement of relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms. But no one would suggest that discovery should be allowed of information that has no conceivable bearing on the case.").

Here, the California Documents have no conceivable bearing on the case. Indeed, Skechers' position is contrary to logic and common sense – how can the design of a single shoe by one company be evidence of "a common business practice" in an entire industry? Clearly, it cannot. Moreover, this is not the first time Skechers has been accused of intellectual property violations and copying other companies' products. *See, e.g. adidas Am., Inc. v. Skechers USA, Inc.,* 890 F.3d 747, 752 (9th Cir. 2018); *Asics Corp. v. Skechers U.S.A.,* No. SACV 07-0103AG(PJWX), 2007 WL 1424670, at *1 (C.D. Cal. Apr. 26, 2007); *Jack Schwartz Shoes, Inc. v. Skechers USA, Inc.*, 233 F. Supp. 2d 512, 513 (S.D.N.Y. 2002). If Skechers truly believed that its practices of copying an entire line of a direct competitor's shoes, and advertising and selling them under a confusingly similar trademark, constitutes a "common business practice" in the footwear industry, it could have pursued this unusual avenue timely in discovery.

Further, the cases cited by Skechers do not support its position that the California Documents are relevant. In the *MacCartney* case, the discovery sought (regarding cases on which a former law associate worked) was highly relevant to plaintiff's potential damages for conduct directly related to the allegations in that case – that the partners of the plaintiff law firm may have been entitled to a share of the employee's fees for those cases. *MacCartney v. O'Dell*, No. 14-CV-3925 (NSR), 2018 WL 5023947, at *3 (S.D.N.Y. Oct. 17, 2018). In the *Maresco* case, which dealt with age discrimination employment practices, the Second Circuit permitted discovery regarding personnel at one additional office of defendant after a very specific ruling by the court that "the accounting functions in Lexington should be considered from the

perspective of a consolidation of the two offices." *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114–15 (2d Cir. 1992). Both of these cases involved discovery directly related to the claims at issue ***in those litigations***, and not some extraneous, purported activity unrelated to those disputes, as Skechers seeks here**.**

In view of Easy Spirit's claims and the issues at stake, the California Documents are collateral, irrelevant and not the subject of legitimate, proper discovery, particularly at this late date.

  **ii.**   **Unclean Hands**

The California Documents do not establish any misconduct, much less do they support an "unclean hands" defense. Indeed, the supposed nefarious meaning of the documents ascribed by Skechers is merely unsupported conjecture. As Skechers states in the second paragraph of page 2 above, the documents concern nothing more than "analyzing and comparing" another's product. Skechers offers no explanation of how this activity constitutes any sort of "misconduct" at all. But, even if it did, the subject conduct is entirely unrelated to the rights at issue in this action.

It is well settled in the Second Circuit that the equitable doctrine of unclean hands is extremely narrow. *See, Jackson v. Odenat*, 9 F. Supp. 3d 342, 364 (S.D.N.Y. 2014) ("[the unclean hands doctrine] applies only with respect to the right at issue." *citing Warner Bros., Inc. v. Gay Toys, Inc.,* 724 F.2d 327, 334 (2d Cir.1983)). ***"In the trademark context, the fraud or deceit must relate to plaintiff's 'acquisition or use' of the trademark."*** *Id.* (emphasis added). *See also, Gidatex, S.r.L. v. Campaniello Imports, Ltd.,* 82 F. Supp. 2d 126, 131 (S.D.N.Y. 1999) ("The unclean hands defense does not permit defendants to raise all of plaintiff's alleged inequitable conduct. **The alleged unclean hands must relate to [plaintiff's] acquisition or use of the [plaintiff's] trademark, and does not apply to issues which are collateral to the infringement litigation."**) (emphasis added); and *Specialty Minerals, Inc. v. Pluess-Staufer AG*, 395 F. Supp. 2d 109, 112 (S.D.N.Y. 2005) ("The unclean hands doctrine applies only where the misconduct alleged as the basis for the defense 'has immediate and necessary relation to the equity that [plaintiff] seeks in respect of the matter in litigation.'"). "The Second Circuit has repeatedly emphasized the narrowness of the doctrine's application." *Id.*

Skechers' position is in direct contravention of the foregoing controlling law. It seeks to do precisely what the Second Circuit holds one cannot – raising extraneous and unrelated acts that have no relationship to the equity that the plaintiff seeks from the Court. Here, the conduct sought to be enjoined in this action is willful trademark infringement coupled with the intentional copying of Easy Spirit's TRAVELTIME line of shoes, including the TravelTime Trade Dress. The California Documents do not concern Easy Spirit's acquisition or use of the TRAVELTIME trademark, do not concern the TravelTime Trade Dress or the TRAVELTIME shoes and do not concern the subject matter of this action. Therefore, they cannot support an unclean hands defense.

Further, the cases that Skechers relies upon are inapposite. In *Merrill Lynch*, the court denied a motion for a temporary restraining order because Merrill Lynch "admitted to engaging regularly in the same kind of behavior it seeks to enjoin…" *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Callahan*, 265 F.Supp.2d 440, 443 (D.Vt.2003), *distinguished by Specialty Minerals, Inc. v. Pluess-Staufer,* (S.D.N.Y. 2005). Similarly, in *Stokely-Van-Camp*, the plaintiff had engaged in

precisely the same conduct it sought to enjoin: "SVC cannot, having jumped on the bandwagon of calcium magnesium first, now jump off and claim that Coca-Cola must get off too." *Stokely-Van Camp, Inc. v. Coca-Cola Co.*, 646 F. Supp. 2d 510, 534 (S.D.N.Y. 2009). In both cases, unlike here, the conduct by the plaintiffs was precisely the same conduct, involving the same dispute, as that which was sought to be enjoined.

Finally, the timing of Skechers' request for the discovery now sought is suspect. The California Documents were produced in the California action on February 3, 2020. Skechers first raised certain issues regarding the California Documents on March 2, 2020. However, there was no mention of a deposition of Mr. Fisher in this action or an additional deposition of Mr. DeZao. Skechers first raised these depositions on March 13, 2020, after the Court had conducted a telephone conference on March 11, 2020 and ordered Mr. Greenberg to submit for a deposition (and on the same day that the Court issued its Order for the production of Mr. Greenberg's documents and his deposition). In any event, the parties are nearing the end of fact discovery and Skechers' eleventh-hour request for discovery on the extraneous and irrelevant California Documents should not be permitted.

For the reasons expressed above, Easy Spirit respectfully submits that this Court should deny Skechers' application in its entirety.

Respectfully submitted,

By:   _s/ Andrew J. Ligotti_____
     Andrew J. Ligotti
     ALSTON & BIRD LLP
     90 Park Avenue
     New York, New York 10016
     Tel: (212) 210-1286
     Email: andy.ligotti@alston.com

     Robert L. Lee (*Pro Hac Vice*)
     ALSTON & BIRD LLP
     1201 West Peachtree St. NW
     Atlanta, GA 30309-3424
     Tel: (404) 881-7000
     Email: bob.lee@alston.com

     Marshall A. Lerner (*Pro Hac Vice to be filed*)
     Vivian Z. Wang (*Pro Hac Vice to be filed*)
     Steven J. Kim (*Pro Hac Vice to be filed*)
     KLEINBERG & LERNER, LLP
     1875 Century Park E # 1150
     Los Angeles, CA 90067
     Tel: (301) 557-1511
     Email: mlerner@kleinberglerner.com
     Email: vwang@kleinberglerner.com
     Email: skim@kleinberglerner.com

By:   _s/Darren W. Saunders_____
     Darren W. Saunders
     DSaunders@peroffsaunders.com
     Mark I. Peroff
     Mark.Peroff@peroffsaunders.com
     Jason H. Kasner
     JKasner@peroffsaunders.com
     PEROFF SAUNDERS, P.C.
     745 Fifth Avenue, Suite 500
     New York, New York 10151
     (646) 898-2052

     *Attorneys for Plaintiff*
     *Easy Spirit, LLC*

*Attorneys for Defendants Skechers U.S.A., Inc.
and Skechers U.S.A., Inc. II*

cc:     Counsel of Record via ECF