UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------
                                         :

EASY SPIRIT, LLC,                      :
                                         :

            Plaintiff,        :
                                       :     19cv3299

        -against-        :
                                       :     <u>ORDER</u>

SKECHERS U.S.A., INC. and SKECHERS  :
U.S.A., INC. II,                :
                                       :

          Defendants.     :
-------------------------------------------------------------- :

WILLIAM H. PAULEY III, Senior United States District Judge:

            Defendants Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II ("Skechers") move to file portions of their Memorandum of Law in Support of Their Motion for Summary Judgment, (ECF No. 52), portions of their Local Rule 56.1 Statement of Undisputed Material Facts, (ECF No. 53), and Exhibits E, K, N, AM, AP, AY, BE, CB, CF, CH, CI, CJ, CS, and CT of the supporting Declaration of Emily C. Welch, (ECF Nos. 59–63), under seal.  This Court has reviewed the proposed redactions, as well as the letter submissions in support of Skechers' motion filed by Plaintiff Easy Spirit, LLC ("Easy Spirit") and certain non-parties.  (See ECF Nos. 69–72.)

            This Court rejects Skechers' proposed redactions to Exhibit K, which is a collection of excerpts from the transcript of the deposition of Easy Spirit's Rule 30(b)(6) witness, Mark DeZao.  In its motion, Skechers represents that "Easy Spirit requested that [it] file the[se] excerpts . . . under seal."  (ECF No. 51, at 3.)  But Easy Spirit has since explained that only select portions of Mr. DeZao's deposition transcript contain confidential and proprietary information.  (ECF No. 72, at 1.)  And the only portions of Exhibit K that Easy Sprit claims should "be redacted are lines 70:1–2."  (ECF No. 72, at 1.)  In view of this clarification, this Court concludes that Skechers' proposed redactions to Exhibit K are overbroad.  Skechers shall refile Exhibit K with redactions applied only to lines 70:1–2 forthwith.

This Court concludes that all of Skechers' remaining proposed redactions are narrowly tailored, limited in scope, and justified to protect the confidential and proprietary business information of Skechers, Easy Spirit, and the implicated non-parties.  See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006).  Accordingly, Skechers' motion to file under seal is granted with respect to those redactions.

Dated: August 27, 2020
       New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.